Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: wmlee@gibney.com
Attorney for Plaintiff

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 0 9 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U2 HOME ENTERTAINMENT, INC.,

Plaintiff,

v.

"JOHN DOES" I THROUGH V doing business as "NEW FLYING MOVIES AND TELEVISION CITY",

Defendants.

09 2429
COMPLAINT

COGAN, J.

Plaintiff U2 Home Entertainment, Inc. ("Plaintiff"), by its attorneys Gibney, Anthony & Flaherty, LLP, for its complaint against defendants "John Does" I through V doing business as "New Flying Movies and Television City" ("Defendants") states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the federal copyright claims and federal trademark claims assert in this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1221.

2. Defendants reside and do business in this District and have committed the acts complained of herein in this District.

1

3. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

5. Plaintiff is a corporation duly incorporated and operating under the laws of the State of California, that does business under the names Century Home Entertainment, New Image Audio & Video and Tai Seng Entertainment formerly Tai Seng Video Marketing. Plaintiff is engaged in the business of, inter alia, licensing feature motion picture and television programming in the Chinese language (Cantonese and Mandarin) and other Asian languages produced in Asia and distributing copies to video outlets in the United States in the form of videocassettes, laser discs, video cassette discs ("VCDs") and digital versatile discs ("DVDs").

6. Upon information and belief, defendants "John Does" I through V, are individuals who own and/or operate and/ or have a financial interest and the right or ability to control the operation of a videotape and videodisc retail store doing business as "New Flying Movies and Television City" at 40-10 Main Street, #L2, Flushing, New York 11354 which distributes Asian language motion pictures and television series. ("John Does" I through V and "New Flying Movies and Television City" are hereinafter collectively referred to as "Defendants").

7. Defendants and their store are not New York corporations nor are they authorized to do business in New York. The clandestine business operations of Defendants further evidence that their infringement is willful.

## FIRST CAUSE OF ACTION
### (Federal Copyright Infringement, 17 U.S.C. § 501)

8. At all times material hereto, Plaintiff was and is the sole and exclusive licensee in the United States for the importation, reproduction and distribution of certain motion picture and television programs originally produced and released in various Asian countries. Plaintiff imports or reproduces these works on videocassette, VCD and/or DVD for distribution in the home rental and sales market in the United States. These motion pictures are produced and distributed by various corporations and other entities in Asia ("Plaintiffs Licensors"). A non-exhaustive list of the copyrighted motion pictures at issue herein in which Plaintiff owns exclusive rights under Copyright and which are currently registered in the United States Copyright Office or for which there are applications for copyright registration pending or are protected under international copyright conventions is attached hereto as **Exhibit A** and is incorporated herein by reference. (These motion pictures may hereinafter be referred to as "Plaintiff's Motion Pictures".)

9. Plaintiff or Plaintiff's Licensors has complied with all statutory formalities required by the Copyright Act, including renewals where required, to maintain the validity of the registered copyrights in Plaintiff's Motion Pictures.

10. Upon information and belief, Defendants have from time to time within the past three years engaged in or authorized importation and/or duplication of copies of Plaintiff's Motion Pictures.

11. Upon information and belief, Defendants have from time to time within the past three years unlawfully distributed, illegally imported and/or illegally reproduced copies of Plaintiff's Motion Pictures.

12. Plaintiff has never authorized Defendants, by license or otherwise, to import,

duplicate or distribute such illegally imported and/or duplicated copies.

13. Defendants' acts, as hereinabove alleged are infringements of Plaintiff's exclusive rights under Copyright.

14. Defendants have committed all the aforesaid acts of infringement deliberately and willfully.

15. Defendants have continued to infringe said copyrights and unless permanently enjoined by order of this Court, will continue to infringe said copyrights, all to Plaintiff's irreparable injury. Plaintiff is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114)

16. Plaintiff hereby incorporates by reference all prior allegations as though fully set forth herein.

17. Plaintiff is the owner of United States Trademark Registration 2,894,529 TAI SENG ENTERTAINMENT with design which was registered on October 19, 2004, which trademark remains in full force and effect. (Hereinafter referred to as the TAI SENG Trademark"). Previously, Plaintiff held the United States Trademark Registration 1,869,343, TAI SENG VIDEO MARKETING INC. which was registered on December 27, 1994.

18. The TAI SENG Trademark and trade name appears on authorized copies of Plaintiff's Motion Pictures.

19. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the TAI SENG Trademark on goods covered by the registration for the TAI SENG Trademark.

20. Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

21. Defendants' use of the TAI SENG Trademark to advertise, promote, offer for sale, distribute and sell goods bearing counterfeits was and is without the consent of Plaintiff.

22. Defendants' unauthorized use of the TAI SENG Trademark on and in connection with their advertisement, promotion, sale, offering for sale and distribution of goods constitutes Defendants' use of the TAI SENG Trademark in commerce.

23. Defendants' unauthorized use of the TAI SENG Trademark as set forth above is likely to:

(a) cause confusion, mistake and deception;

(b) cause the public to believe that their goods are the same as Plaintiff's goods and/or that they are authorized, sponsored or approved by Plaintiff or that they are affiliated, connected or associated with or in some way related to Plaintiff; and

(c) result in Defendants unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and its TAI SENG Trademarks all to the substantial and irreparable injury of the public, Plaintiff and the TAI SENG Trademark and the substantial goodwill represented thereby.

24. Defendants' acts constitute willful trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and unless permanently enjoined by order of this Court, will continue to infringe the TAI SENG Trademark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants be enjoined permanently from:

(a) importing, duplicating, manufacturing and/or copying any of Plaintiff's Motion Pictures;

(b) renting, selling, lending, exchanging, trading or otherwise distributing any unauthorized videocassettes, laser discs, VCDs and DVDs or other unauthorized copy of Plaintiff's Motion Pictures; or which bears the trademark, trade name or logo of the plaintiff or Plaintiff's Licensors;

(c) offering to do any of the acts enjoined in subparagraphs (a) and (b) above;

(d) from in any manner infringing or contributing to or participating in the infringement by others of any of the copyrights or trademarks in Plaintiff's Motion Pictures, and from acting in concert with, aiding or abetting others to infringe any of said copyrights and trademarks in any way; and

(e) using the titles of the motion pictures in which Plaintiff owns exclusive rights under copyright, trademarks, trade names or logos of Plaintiff, in connection with unauthorized videocassettes, laser discs, VCDs and DVDs in a manner which is likely to cause confusion as to their source or is otherwise likely to cause confusion, mistake or deception in connection with the distribution, advertising, promotion and sale of videocassettes, laser discs, VCDs and DVDs of motion pictures in which Plaintiff owns exclusive rights under copyright;

2. That Defendants be required to deliver upon oath, to be impounded during the pendency of this action, all negatives, positive film prints, transcriptions, recordings, video masters or videocassettes, laser discs, VCDs, DVDs, computers, video copying equipment, and photocopy machines used for manufacture of unauthorized packaging held for delivery or under their control, under whatever name of the subject as may have been affixed thereto, as are herein alleged to infringe or to have been used to infringe any of the copyrights and trademarks aforesaid; and that an Order of Seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act, the Lanham Act and the Federal Rules of Civil Procedure; and that at the

6

conclusion of this action, the Court shall order all such material so held to be surrendered to plaintiff or to be destroyed under an Order issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

3. That, with respect to the first cause of action, Defendants be required to pay to plaintiff statutory damages, if Plaintiff so elects, of up to $30,000 for each copyrighted work infringed for all infringements with respect to that work. If the Court finds that any infringement was committed willfully, Plaintiff prays for statutory damages, if Plaintiff so elects, of up to $150,000 for each copyrighted work infringed for all willful infringements with respect to that work;

4. That with respect to the Second Cause of Action, Defendants be required to pay Plaintiff: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Plaintiff's election, an amount representing three (3) times Plaintiff's damages and/or Defendants' illicit profits;

5. That Plaintiff recover its costs of suit including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. §1117(b) and pre-judgment interest pursuant to 15 U.S.C. § 1117(b); and

6. That Plaintiff have such other and further relief as this Court deems just and proper.

Dated: June 9, 2009

GIBNEY, ANTHONY & FLAHERTY LLP

By: _____
Walter-Michael Lee (WL 6353)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: wmlee@gibney.com
Attorney for Plaintiff